IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELMA HARDY, | No. C 05-01676 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| STATE OF CALIFORNIA, and DOES 1-30 Inclusive | |
| Defendant. | |

On March 3, 2006, the Court heard oral argument on defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. After carefully considering the pleadings and the arguments presented, and for good cause shown, the Court hereby GRANTS defendant's motion for summary judgment.

**BACKGROUND**

The facts of this case are largely undisputed. On August 25, 2004, plaintiff Thelma Hardy, a 58-year old woman, visited the California Department of Motor Vehicles ("DMV") office in Oakland to renew her car's registration. The DMV has two pre-designated lines for customers: one line for people who do not have appointments and another line for people who have appointments or are disabled. Plaintiff did not have an appointment. Nevertheless, she stood in the line designated for people with appointments and disabled people because she considers herself disabled since she has sciatica.[1] After

---

[1] Sciatica is a condition which occurs when pressure is placed on the sciatic nerve (usually because of a herniated disc or bulging disc), or when the sciatic nerve is otherwise irritated. Sciatica can cause extreme pain, numbness and/or tingling that sometimes radiates down the leg or even into the

standing in line for 15 minutes, plaintiff's leg started feeling numb and she felt that she might be unable to balance herself and fall, due to her sciatica. Plaintiff then left the line and walked to a desk with a sign that read "Start Here" and spoke with "Operator 16."

Plaintiff told Operator 16 that she was disabled and that if she stood too long without leaning or sitting, she would lose feeling in her leg and fall. Plaintiff then asked Operator 16 to direct her to or provide her with a chair to sit in while she waited. However, plaintiff alleges Operator 16 did not offer her a chair; instead Operator 16 berated the plaintiff and was hostile and rude. After plaintiff repeated her request and Operator 16 refused to help again, plaintiff complained to a supervisor. Plaintiff states that the supervisor was hostile initially, denied her request for a chair, and told plaintiff to stand in line. Plaintiff responded by telling the supervisor, "I beg your pardon?" The supervisor then handed plaintiff a tag with a number on it and told her to sit down and that her number would be called. Pl.'s Index of Evidence 5:19-21. Soon thereafter, plaintiff completed the renewal process for re-registering her car and left the DMV. Decl. of William McMahon Ex. A, at 36:16 - 37:14.

On March 9, 2005, plaintiff filed a complaint against defendant in the Superior Court of the State of California, County of Alameda (Case No. WGS 05-201946). The complaint alleged that the defendant's conduct described above constituted a violation of the Americans with Disability Act, 42 U.S.C. § 12101, et seq., and the Unruh Act, California Civil Code § 51, et seq. On April 22, 2005, defendant removed this action to federal court. In this motion, defendant moves for summary judgment.

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof

---

feet. *See* http://mybacksolution.com/sciatica.htm (last visited March 1, 2006).

2

at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a motion for summary judgment, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255. The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d 49 (2d Cir. 1985); *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id.*

## DISCUSSION

**1.     Americans With Disabilities Act, 42 U.S.C. § 12101, et seq.**

Plaintiff alleges that the treatment she received at the DMV constituted a violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Title II of the ADA provides that: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Proving such a claim requires the plaintiff to show three elements:

> (1) that [s]he is, or represents the interests of, a "qualified individual with a disability";
> (2) that such individual was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated

3

against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Does 1-5 v. Chandler*, 83 F.3d 1150, 1154 (9th Cir. 1996). Defendant argues that plaintiff's claim fails because plaintiff cannot prove any of the aforementioned elements. The Court agrees that plaintiff cannot prove the second element.

Plaintiff argues that defendant discriminated against her by failing to provide a reasonable accommodation after she informed defendant several times that she was disabled. However, plaintiff's argument ignores the fact that a supervisor eventually offered her a chair to sit in while she waited for her turn and that she was able to register her car. Decl. Of Thelma Hardy at 5; Decl. of William McMahon Ex. A, at 36:16 - 37:14. In light of these facts, plaintiff's only complaint is that defendant acted rude and hostile towards her while she was asking for a disability accommodation.

Sustaining a 42 U.S.C. § 12132 claim requires that there has been some act that led to plaintiff's exclusion or denial. Plaintiff fails to cite any cases in which a 42 U.S.C. § 12132 claim was based solely upon rude or hostile behavior, and in which there was no denial of services.[2] Plaintiff fully admits that she was able to register her car at the DMV. Decl. of William McMahon Ex. A, at 36:16 - 37:14. In addition, plaintiff admits that a supervisor accommodated plaintiff's request by informing her that she could sit until it was her turn. Decl. of Thelma Hardy at 5:16-24. Defendant's motion for summary judgment is therefore GRANTED as to plaintiff's claims under the ADA.

**2.    Unruh Act, California Civil Code, § 51 et seq.**

Plaintiff also alleges that the treatment she received at the DMV constitutes a violation under the Unruh Act, California Civil Code § 51, et seq. The Unruh Act provides that: "[n]o business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy

---

[2] None of the cases plaintiff cite support the proposition that she may recover solely for being treated rudely. *See McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004) (failure to accommodate disability in enforcement of city's nuisance abatement ordinance); *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976 (9th Cir. 1997) (plaintiff not discriminated against by reason of disability, but for lack of financial resources); *Presta v. Peninsula Corridor Joint Powers Bd.*, 16 F. Supp. 2d 1134, 1136 (N.D. Cal. 1998) (explaining that 42 U.S.C. § 12132 "guards against both intentional discrimination and simple exclusion from services resulting not from intentional discriminatory acts," and implying that rude behavior alone is not actionable).

from, contract with, sell to, or trade with any person in this state on account of any [disability or medical condition.]" Cal. Civ. Code § 51.5.  Defendant argues that it did not violate the Unruh Act because the plaintiff did not suffer any discrimination and because DMV is not a business establishment.

Plaintiff cannot prove that she suffered any discrimination in violation of the Unruh Act.  As stated above, plaintiff admits that she was eventually granted the accommodation she requested and she was not prevented from registering her car.  Therefore, plaintiff can only complain that she was treated with hostility and rudeness while she was making her request for accommodation.  Plaintiff argues that these acts can sustain an Unruh Act claim because defendant's actions "demonstrate a violation of the ADA." Cal. Civ. Code § 51(f).  However, these actions do not demonstrate a violation of the ADA for the reasons stated above.  Moreover, there is no support in statutes nor in the case law for a Unruh Act claim where plaintiff was treated rudely or with hostility but was not denied access to services.  In fact, "[t]he overriding issue is always whether the *denial of access to public accommodation* is based on race, sex, religion or other arbitrary and unjustified grounds." *Wynn v. Monterey Club*, 111 Cal. App. 3d 789, 797 (Cal. Ct. App. 1980) (emphasis added).  Accordingly, plaintiff's Unruh Act claim fails and the Court need not consider if the DMV is a "business establishment."

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion for summary judgement.  (Docket No. 24).

**IT IS SO ORDERED.**

Dated: 3/6/06

SUSAN ILLSTON
United States District Judge

5