IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELMA HARDY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, and DOES 1-30 Inclusive,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 05-01676 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |

Defendant State of California has filed a motion for attorney's fees pursuant to 28 U.S.C. § 1927. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for April 14, 2006. After carefully considering the pleadings submitted, and for good cause appearing, the Court hereby DENIES defendant's motion.

28 U.S.C. § 1927 allows a court to require "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In granting costs under 28 U.S.C. § 1927, a court must find that an attorney acted recklessly or in bad faith. *Goehring v. Brophy*, 94 F.3d 1294, 1306 (9th Cir. 1996).

The Court does not find that the plaintiff's counsel acted recklessly or in bad faith. Although defendant prevailed on summary judgment, the Court disagrees with defendant that plaintiff's behavior was on par with the sanctionable behavior described in *Trulis v. Barton*, 107 F.3d 685, 693-94 (9th Cir.

1995).¹ Accordingly, the Court DENIES defendant's motion for attorney's fees.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion for attorney's fees (Docket No. 37).

**IT IS SO ORDERED.**

Dated: April 11, 2006

SUSAN ILLSTON
United States District Judge

---

[1] The declarations submitted by the parties in connection with this motion suggest that the case might have resolved at the outset, prior even to removal to this court, because Ms. Hardy was willing to accept an apology by way of settlement. Decl. of William McMahon in Support of Defendant's Reply to Opposition to Motion for Attorney's Fees, at 2. However, plaintiff's counsel required something more than that – a "monetary resolution" given the "potential amount of attorney's fees and costs that each party would incur." Decl. of Andrew Wolff in Support of Opposition to Motion for Attorney's Fees, at 2. This suggests that in electing to proceed, counsel placed his own interests ahead of plaintiff's interests, which troubles the Court. It bears note that virtually all of the costs included in the cost bill taxed against plaintiff by the Clerk, which totals $2,430.86, were incurred after removal to this court.